The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701
Dear Representative Dawson:
This is in response to your request for an opinion on whether Section 11 of Act 609 of 1989 is constitutional.
The section in question is now codified at A.C.A. 6-18-206 (Supp. 1989). That statute encompasses the "Arkansas School Choice Act of 1989" and allows students to attend school in a district in which the student does not reside. The new program, however, does have some limitations. It is these limitations which prompt your question. Section 11 of Act 609 (now A.C.A. 6-18-206 (g)) provides as follows:
The provisions of this section and all public choice options created hereby are subject to the following limitations:
 (1) No student may transfer to a nonresident district where the percentage of enrollment for the student's race exceeds that percentage in his resident district.
 (2) In any instance where the foregoing provisions would result in a conflict with a desegregation court order, the terms of the order shall govern.
You do not indicate upon which constitutional grounds the provision above might be unconstitutional. It is my opinion that the most likely constitutional challenges would be based upon the Equal Protection, Privileges and Immunities, and Due Process Clauses of the United States Constitution. It is my opinion, however, that a challenge based upon these grounds would likely fail.
It should be noted initially that statutes enacted by the General Assembly enjoy a presumption of constitutionality. POTTS v. McCASTLAIN, COMMISSIONER, 385 U.S. 946 (1967). It is my opinion, in light of this presumption, that A.C.A. 6-18-206 would withstand constitutional scrutiny. The purpose of the provision is to aid and ensure continuous school desegregation. The intent of the legislature with respect to this provision is evidenced at subsection (a)(3) of the same statute, which provides as follows:
 (3) The General Assembly therefore finds that these benefits of enhanced quality and effectiveness in our public schools justify permitting a student to apply for admission to a school in any district beyond the one in which he resides, PROVIDED THAT THE TRANSFER BY THIS STUDENT WOULD NOT ADVERSELY AFFECT THE DESEGREGATION OF EITHER DISTRICT. [Emphasis added.]
It is clear from the above that the legislature's purpose in enacting A.C.A. 6-18-206 (g) was to ensure that the new "School Choice" program would not be implemented in such a way as to create desegregation problems for districts engaged in active desegregation, or to cause segregated districts where they otherwise would not exist. It is my opinion that this represents a valid exercise of legislative authority and would withstand constitutional tests applicable to challenges based upon the Equal Protection, Privileges and Immunities, and Due Process Clauses of the United States Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.